United States District Court
Southern District of Texas
**ENTERED**
September 01, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DALE B. ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | MISCELLANEOUS ACTION NO. 2:12-MC-305 |
| | § | |
| US DEPARTMENT OF JUSTICE, *et al*, | § | |
| | § | |
| Defendants. | § | |

### OPINION AND ORDER DENYING MOTIONS TO VACATE AND TO REOPEN CASE

On August 6, 2012, Plaintiff's motion to voluntarily dismiss this action was granted. (D.E. 7 and D.E. 8). Final Judgment was entered on August 7, 2012. (D.E. 11). Subsequently, Plaintiff filed several motions, including for appointment of counsel, copies of documents and for leave to amend, all of which were denied. (D.E. 13, D.E. 14, D.E. 15, D.E. 16, D.E. 17, D.E. 18, D.E. 20, and D.E. 21). Since 2012, there have been no other filings in this matter. On August 5, 2016, almost four years after final judgment was entered, Plaintiff filed the pending motion to vacate and to reopen this matter. (D.E. 22). The motion is **DENIED**.

### Applicable Law

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury,* 32 F.3d 931, 937 n. 7 (5th Cir. 1994). If the motion is filed within twenty-eight (28) days of entry of judgment, the motion falls under Rule 59. *Id.* If it is filed after that, it falls under Rule 60(b). *Id.* In this case, Plaintiff's motion to

dismiss was granted on August 6, 2012, and his recent motion was filed almost four years later. Therefore, the motion is properly considered under Rule 60(b).

Rule 60(b), Federal Rules of Civil Procedure, states in pertinent part:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

    (4)    the judgment is void;

    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

FED. R. CIV. P. 60(b). Final judgments should not be lightly disturbed. *In re Marinez*, 589 F.3d 772, 776-77 (5th Cir. 2009). For reasons one, two, or three above, the motion must be made no more than a year after entry of the judgment or order or the date of the proceeding. FED. R. CIV. P. 60(c)(1). Not only did Plaintiff fail to specify the section of Rule 60(b) under which he seeks relief, he failed to list any reason at all. The Local Rules for the Southern District of Texas require that all motions be supported by authority. LR 7.4. Finally, the Court dismissed this action pursuant to Plaintiff's motion. (D.E. 7).

Plaintiff's motion to reopen and to vacate (D.E. 22) is **DENIED** as unsupported by any authority to disturb the Plaintiff's own decision four years ago to dismiss his case. LR 7.4.

ORDERED this 1st day of September, 2016.

```
_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE
```